UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Cr. No. 10-40018-FDS |
| | ) | |
| SHALIN BHAVSAR, | ) | |
| Defendant | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO MODIFY CONDITIONS OF RELEASE

Now comes the United States, by its attorneys, Carmen M. Ortiz, United States Attorney, and David Hennessy, Assistant U.S. Attorney, and hereby opposes defendant Shalin Bhavsar's motion to strike a key condition of this Court's release order – that Bhavsar not work nor reside in a place where there were computers that have, or are capable of having, internet access.  Bhavsar proposes the introduction of an unspecified number of computers to his residence and workplace, and an honor system in which family and software would prevent Bhavsar from having access to computers and the internet.  For the reasons stated below, this motion should be denied.

**Procedural Background**

Bhavsar is charged by indictment with possession of child pornography.  The Bail Reform Act provides that in the case of an indictment charging possession of child pornography, there is a presumption "that no condition or combination of conditions will reasonably assure ... the safety of the community."  See 18 U.S.C. § 3142(e)(3).

1

At the initial appearance on the indictment, the government and Bhavsar agreed to recommend Bhavsar's release.  The recommendation was conditioned on the parties' agreement, captured in the statement of release conditions, that "the defendant nor anyone in household may not possess any photographic equipment, computers, computer peripherals, or any other electronic device capable of connection to the internet, and may not have internet service in residence."  See Addendum to Conditions of Release (Document 9) (hereinafter, the "Computer/Internet Restriction").

**Argument**

The motion to amend Bhavsar's conditions of release by effectively re-writing the entirety of the Computer/Internet Restriction should be denied.  First, Bhavsar and the government agreed that Bhavsar's release would be conditioned on no computers, computer equipment and internet access.  Now, having gotten the benefit of the bargain he struck at the initial appearance – his freedom – Bhavsar should not be permitted to claim the Computer/Internet Restriction is unduly onerous.  Indeed, this restriction represents a balancing of interests: Bhavsar's family, understandably, did not want him detained; but obtaining his immediate release required this inconvenience.[1]

---

[1]Subsequent to the initial appearance, the government did not object to Bhavsar's father's possession and use of an Intel-owned and issued computer.  However, that computer is unique

Second, by the same token, the government would not have agreed to release without the Computer/Internet Restriction. Bhavsar is charged with a crime of violence, possession of child pornography, a crime he committed by means of the very things the Computer/Internet Restriction prohibits: a computer and the internet.  As Bhavsar concedes, when he was interviewed at the time of the search warrant, Bhavsar admitted that he used his computer to access the internet to order subscriptions to websites that publish child pornography.  Moreover, a search pursuant to a warrant revealed child pornography on two of the three computers in Bhavsar's residence: an HP laptop and a silver CPU.  In addition, Bhavsar had scores of images of child pornography on CDs he surrendered to agents.  Lastly, the offense was committed in the very household and on the very computers Bhavsar shares with his family.  Thus, the Computer/Internet Restriction was a sensible, efficient and certain means of ensuring the safety of the community.

Third, under the proposal in the instant motion, monitoring Bhavsar's compliance would depend largely on people whose emotional bonds to Bhavsar are deep and longstanding; indeed, they are the very people who agreed in the first place to the

---

because Intel has the ability to monitor its content, and thus there is a set of eyes independent of Bhavsar's family to ensure no inappropriate sites or material are accessed through the computer.

Computer/Internet Restriction – a condition that is clearly
inconvenient – in order to win Bhavsar's immediate release on
conditions.  These include his mother, his father and brother.
As well meaning as they may be, they are, as such, unlikely to be
reliable correspondents of a violation of the conditions of his
release.  For instance, there is good reason to believe that
Bhavsar's new bride will not report conduct that jeopardizes the
freedom of the man to whom she so recently committed her life.
Yet this is what Bhavsar claims should allay the statutory and
logistical concerns of computers and internet access in his home
and work place.

Fourth, the "Net Nanny" software does not provide a
sufficient guarantee of compliance with an absolute prohibition
on computer and internet access as the Computer/Internet
Restriction.  As the promotional materials for Net Nanny that
were submitted with the motion concede, "no filter product is
perfect, proponents agree that the benefits of the filtering
system outweigh the negatives, particularly when it comes to
protecting children – just as seat belts in cars are still valued
even if they don't prevent all injuries."  See Motion, Ex. A at
7.  And that is the view of "proponents" of the software.
Moreover, the success of the Net Nanny depends on programing the
software comprehensively enough to filter out objectionable
websites and content.  Who has the skills to ensure that the

4

filter is comprehensive and effective?  Who will continually

monitor the efficacy of the filters?  Bhavsar's father who works

full-time for Intel – indeed was three thousand miles away on the

day the search warrant was executed – and runs a package store;

Bhavsar's brother who attends WSC full time?  Pretrial Services?

As inconvenient as the restriction may be to Bhavsar's family, it

seems unlikely that Pretrial Services could become a 24/7 monitor

of internet access.

In this regard, the government informally surveyed employees

about the effectiveness of filters.  Here are the responses:

> I used Net Nanny 10 years ago when it first came out; my
> kids easily figured out how to circumvent it.  These
> programs are no match for anyone who wants to spend time
> trying to beat them.

> We have a condition in my internet pharmacy case that
> prohibits the defendants and their family (including
> children) from having internet access – since Nov. 2008.  I
> would be leery of any software of this nature because my
> experience is there is always a way around it.

> I don't have any experience with Net Nanny, but I can tell
> you from having a moderately computer savvy teenager in the
> house that there are anonymity sites designed to get around
> content and site filters.  "Atunnel" is one.

Lastly, Net Nanny touts the ability of remote monitoring

whereby, for instance, a parent could receive an alert and

remotely disable internet access.  However, this again begs the

question whether the proposed monitors, the people who are

closest to Bhavsar emotionally and undertook the

Computer/Internet Restriction, will reliably report violations of

the prohibition.

The prohibition on computers, electronics and internet access to which Bhavsar and his family agreed in order to win Bhavsar's immediate release is an appropriate condition, given the nature of the offense and the manner in which it was committed, and a sure-fire way of protecting the public. The motion to strike this condition and impose substitutes that do not ensure compliance with the Computer/Internet Restriction should be denied.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:  /s/ David Hennessy
     David Hennessy
     Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

 /s/ David Hennessy
David Hennessy
Assistant U.S. Attorney

Date: March 18, 2011

6